IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Gregg-Wilson, ) | |
| ) | C/A No. 3:04-23132-MBS-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| John Roveri, Director, Sumter County ) | |
| Career Center (SCCC); Stuart A. Liddell, ) | |
| A.D. SCCC; Elmer Edwin Jackson, ) | |
| Machine Tool Instructor SCCC; Larry ) | |
| Culick, Welding Instructor SCCC; William ) | |
| Dyson, Building Construction Instructor ) | **OPINION AND ORDER** |
| SCCC; Charles J. Boykin, Attorney, Duff, ) | |
| Turner, White & Boykin, L.L.C.; Jo R. ) | |
| White, Chairperson SCCC Board of ) | |
| Trustees; Zona Jefferson, board member; ) | |
| Wesley Blanding, board member; Charles ) | |
| Burns, board member; Tom Garrity, ) | |
| board member; James Griffin, board ) | |
| member; Kay Raffield, board member; ) | |
| Kurt Welday, board member, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Michael Gregg-Wilson formerly was employed at the Sumter County Career Center (SCCC) in Sumter, South Carolina. He filed this action on December 1, 2004 pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3). Plaintiff's complaint contains allegations of disparate treatment, conspiracy, and a claim that he was terminated in retaliation for exercising his free speech rights under the First Amendment. Defendants are John Roveri, Director of SCCC; Stuart Liddell, Assistant Director of SCCC; Elmer Jackson, Larry Culick, and William Dyson, three instructors at SCCC; and Zona Jefferson, Edward Alston, Frank Baker, Wesley Blanding, Charles Burns, Tom Garrity, James Griffin, Kay Raffield, and Kurt Welday, members of SCCC's Board of Trustees

(collectively, "the Board"). Defendant Charles Boykin is a private attorney who represents the Board.

This matter is before the court on motion to dismiss filed by Defendant Charles J. Boykin on January 3, 2005 (Entry 4). On January 7, 2005, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. On January 11, 2005, Plaintiff filed a response to Defendant's motion to dismiss and moved for sanctions (Entry 9), as well as a motion for summary judgment (Entry 10).

On January 26, 2005, Defendants Elmer, Culick, Dyson, and the Board filed a motion to dismiss (Entry 12). A second Roseboro order was issued on January 31, 2005. Plaintiff filed no response to the motion to dismiss. Defendants John Roveri and Stuart Liddell filed a motion for summary judgment on June 13, 2005 (Entry 38). Before a third Roseboro order was issued, Plaintiff filed a motion for default and summary judgment on June 30, 2005 (Entry 39). A third Roseboro order was issued on July 5, 2005. Defendants filed a joint response to Plaintiff's summary judgment motion on July 18 2005 (Entry 42). On August 2, 2005, Plaintiff filed a motion for judgment as a matter of law (Entry 43).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On September 1, 2005, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's motions be denied; that Defendant Roveri and Liddell's motion for summary judgment be denied with respect to Plaintiff's First Amendment claim and granted in all other respects; that the Board's motion to dismiss be granted in part and denied in part; that summary judgment be

granted sua sponte as to the Board with respect to Plaintiff's disparate treatment and conspiracy clams; that Defendant Jackson's motion to dismiss Plaintiff's claim of assault and battery be denied; and that Defendant Boykin's motion to dismiss be granted. Plaintiff filed objections to the Report and Recommendation on September 22, 2005. Defendants filed joint objections to the Report and Recommendation on September 22, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. DISCUSSION

The facts are set forth in detail in the Magistrate Judge's Report and Recommendation and need not be reiterated here. The gravamen of Plaintiff's complaint is that he was subjected to disparate treatment and terminated for exercising his right to free speech. Plaintiff's objections generally restate the contentions set forth in his complaint and take issue with a number of factual findings set forth by the Magistrate Judge. The court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). The court agrees with the Magistrate Judge's recommendation that Plaintiff has not established a prima facie case of discrimination under 42 U.S.C. § 1981 or § 1983; that

Plaintiff has not established a violation of due process under 42 U.S.C. § 1983; and that Plaintiff has failed to establish a civil conspiracy under 42 U.S.C. § 1985. The court turns to Defendants' objections with respect to Plaintiff's remaining claim that he was terminated in violation of his right to exercise constitutionally protected speech.

Retaliatory employment action violates a public employee's right to free speech under the following conditions: First, the speech must relate to a matter of public interest. Connick v. Myers, 461 U.S. 138, 146 (1983). Second, "the employee's interest in First Amendment protection must outweigh the employer's interest in efficient operation of the workplace." Hanton v. Gilbert, 36 F.3d 4, 5 (4th Cir. 1994) (citing Pickering v. Board of Educ., 391 U.S. 563, 568 (1968)). Third, "the employee must establish a causal relationship between the protected expression and the retaliation: that the protected speech was a 'substantial factor' in the decision to take the allegedly retaliatory action." Id. (internal quotation marks and citations omitted). The first two elements are questions of law; the third is a question of fact, "and as such it will serve as a basis for summary judgment only in those instances where there are no causal facts in dispute." Id.

A.

The Board contends that the Magistrate Judge erred in failing to find no causal connection between Plaintiff's July 27, 2004 letter to the Board and his termination. The Board asserts that there is no evidence that Plaintiff was admonished for sending the letter to the Board. The court disagrees.

The Board moved to dismiss pursuant to Rule 12(b)(6), FRCP. Rule 12(b)(6) requires that the court accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Therefore, a motion to dismiss can be granted only if no relief could be obtained under the

4

allegations of fact, if true. Southmark Prime Plus, L.P. v. Falzone, 776 F. Supp. 888, 891 (D. Del. 1991) (citing Turbe v. Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)).

In this case, Plaintiff alleges in his complaint that on July 27, 2004 he wrote the Board a letter regarding his concerns of racial discrimination in the hiring of Defendants Roveri and Liddell. He raised issues regarding civil rights at a Board meeting on September 14, 2004. A little more than a month later, Defendant Roveri suspended Plaintiff without pay and recommended to the Board that Plaintiff be dismissed. The court cannot say that no reasonable inference supports a causal connection between Plaintiff's speech on July 27, 2004 and his termination three months later; thus, the court cannot conclude that no relief could be obtained under the allegations of fact, if true. The Board's objection is without merit.

B.

Defendants Roveri and Liddell assert that the Magistrate Judge erred in finding that Plaintiff's comments at the September 1, 2004 staff meeting constitute protected speech. According to Defendants Roveri and Liddell, Plaintiff's speech dealt with personal grievances he had with the Career Center. The court disagrees.

Plaintiff expressed on a number of occasions concerns regarding race relations and discriminatory practices he believed were taking place at SCCC. Plaintiff purportedly made calls to members of County Council and the Board the morning of September 1, 2004 to ask that they attend the faculty meeting "to provide oversight and reasoning to the calamity [Rover] and Liddell were causing." Complaint, p. 13. Construing the facts in favor of Plaintiff, his speech at the September 1, 2004 staff meeting encompassed matters of public concern and constituted protected speech under the First Amendment. Defendants Roveri and Liddell's objection is without merit.

C.

The Board asserts that the Magistrate Judge erred in finding that Plaintiff's September 14, 2005 statements to the Board were a substantial factor contributing to his discharge. According to the Board, Plaintiff was terminated because of specific examples of misconduct enumerated by Roveri in his October 18, 2004 letter.

As an initial matter, the court notes that one reason given by Defendant Roveri in support of Plaintiff's termination was Plaintiff's "[m]isconduct in faculty meetings involving [his] personal agenda[.]" According to Plaintiff, Roveri objected to Plaintiff's using faculty meetings to discuss "public, private, legal, or constitutional concerns." Complaint ¶ 19.

Moreover, the Board was charged with approving Plaintiff's discharge, and made its decision after hearing Plaintiff voice his concerns regarding racial issues in his July 27, 2004 letter to the Board and at the September 14, 2005 Board meeting. Keeping in mind the standard for disposing of a Rule 12(b)(6) motion to dismiss, the court cannot find that no relief could be obtained under the allegations of fact, if true. The Board's objection is without merit.

D.

Defendants Roveri, Liddell and the Board next contend that the Magistrate Judge erred in concluding that Plaintiff's comments to the press were a substantial factor in his termination. According to these Defendants, Plaintiff's comments were made well after Defendant Roveri's October 14, 2004 notification of Plaintiff's recommendation. However, the record reveals that the Board met on November 9, 2005 to make a final decision regarding Plaintiff's discharge. Simply because the November 9, 2005 correspondence did not reference the October 24, 2004 press interview is not dispositive. As to the Board's motion to dismiss, the court cannot state that no relief

6

could be obtained under the allegations of fact, if true. As to Defendant Roveri and Liddell's motion for summary judgment, the court concludes that genuine issues of material fact exist as to whether Plaintiff's comments to the press were a substantial factor in the decision to terminate Plaintiff. Defendants' objections are without merit.

E.

The Board further contends that the Magistrate Judge erred in declining to dismiss them in their individual and official capacities. The Board contends that its members were not on notice that Plaintiff believed his termination to be retaliatory. The Board misapprehends the issue. The question is whether the Board participated or condoned the alleged retaliation. Plaintiff's complaint alleges that he wrote to and appeared before the Board to express his concerns regarding racial discrimination and animus at SCCC. The Board engaged the services of an attorney to investigate claims of civil rights violations made by Plaintiff at the September 14, 2004 Board meeting. Approximately one month later, Plaintiff received notice that he was being suspended and recommended for termination. After Plaintiff made comments to the press regarding his allegations of racial discrimination, the Board accepted Defendant Roveri's recommendation that Plaintiff be discharged. The court cannot say that no relief could be obtained under the allegations of fact, if true. Defendants' objection is without merit.

F.

Defendant Jackson asserts that the Magistrate Judge erred in recommending that the court retain jurisdiction over Plaintiff's state law claim for civil assault and battery. The court agrees. The dispositive issue in this case is whether Plaintiff was terminated in retaliation for his exercising his right to free speech. Defendant Jackson, as an instructor at SCCC, was not involved in the decision

to terminate Plaintiff. Thus, Plaintiff's state law claim as to Defendant Jackson "is not so related to claims in the action within [the court's original jurisdiction] that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367. The court declines to exercise jurisdiction over Plaintiff's state law claim for civil assault and battery against Defendant Jackson.

## II.  CONCLUSION

For the reasons stated, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference, except as to his recommendation that the court exercise pendent jurisdiction over Plaintiff's state law claim for civil assault and battery. Accordingly, Plaintiff's dispositive motions (Entries 10, 39, 43) are **denied**. Plaintiff's motion for sanctions (Entry 9) is **denied**. Defendant Boykin's motion to dismiss (Entry 4) is **granted**. The Board and Defendants Jackson, Culick, and Dyson's motion to dismiss (Doc. 12) is **denied in part and granted in part**. The court sua sponte **grants** summary judgment to the members of the Board of Trustees as to Plaintiff's disparate treatment and conspiracy claims. The court declines to exercise jurisdiction over Plaintiff's state law claim for civil assault and battery. Defendants Jackson, Culick, and Dyson are **dismissed** as parties to this case. Defendants Roveri and Liddell's motion for summary judgment (Entry 38) is **denied** with respect to Plaintiff's § 1983 First Amendment claim and **granted** in all other respects.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina

September 30, 2005